UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL MIMS,

       Plaintiff,

                                    Case No. 24-cv-11943
v.                                   Honorable Linda V. Parker

LVNV FUNDING, LLC,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 4.)

On July 10, 2024, Plaintiff Crystal Mims ("Ms. Mims") initiated this action against Defendant LVNV Funding LLC ("LVNV"), a debt collector. In her Complaint, Ms. Mims alleges that LVNV violated the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C § 1692e(8), by not removing the dispute notations from a debt on Ms. Mims's credit report. LVNV has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) The motion is fully briefed. (ECF Nos. 7, 8.) For the reasons set forth below, the Court is granting LVNV's motion.

## I.      Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however. *Iqbal,* 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  Nevertheless, the court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

## II.     Factual Background

On or about April 15, 2024, Ms. Mims reviewed her credit report on Credit Karma and discovered a trade line from LVNV (a debt collector), showing she owed $1,929 on a Citibank Meijer Credit account.  (ECF No. 1 at PageID. 3 ¶¶ 7-9.)  Notations on the report indicated that the consumer disputes the account information.  (*See* ECF No. 1-1 at PageID. 6.)

That same day, Ms. Mims mailed a letter to LVNV stating: "Im [sic] no longer disputing update my credit reports." (*Id.* at PageID. 8-9.)  LVNV received the letter on April 20, 2024 (*see* ECF No. 1-1 at PageID. 9), yet failed to notify the consumer reporting agencies that the debt was no longer disputed (ECF No. 1 at PageID. 3 ¶ 10).  Ms. Mims contends that maintaining the dispute notation on her credit report has harmed both her personal and credit reputation.

## III.    Applicable Law and Analysis

The FDCPA was enacted "in response to what Congress perceived to be a widespread problem in debt collection practices[.]"  *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020) (citations omitted).  One of the statute's primary goals is "to eliminate abusive debt collection practices." *Id.* (quoting 15 U.S.C. § 1692(e)).  To further that goal, the FDCPA has specific provisions to protect consumers.  Those prohibitions are contained within 15 U.S.C. § 1692.

As indicated, Ms. Mims alleges that LVNV violated § 1692e(8) of the statute.  Section 1692e(8) provides that, "in connection with the collection of any debt[,]" a debt collector may not "[c]ommunicat[e] or threaten[] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).  In its motion, LVNV argues that Ms. Mims fails to allege a violation of this provision because marking a debt as "disputed" on a credit report is not done "in connection with the collection of any debt[.]"  This court agrees with LVNV.

The plain language of § 1692e indicates that its prohibitions apply to debtor collectors' actions "in connection with the collection of any debt[.]"  15 U.S.C. § 1692e.  The Sixth Circuit has found that "to be actionable, a communication need not itself be a collection attempt;" however, it must "be 'connect[ed]' with one." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).  Nevertheless, "the statute does not apply to every communication between a debt collector and a debtor."  *Id*. (quoting *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010)); *see also Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 430 (6th Cir. 2015).  "[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden,* 643 at 173 (citing *Gburek*, 614 F.3d at 385).

4

The Sixth Circuit has identified several facts that may lead to the conclusion that the debt collector's communication was made in connection with the collection of a debt:

> (1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay."

*Goodson*, 600 F. App'x at 431.  When assessing whether the communication violates the FDCPA, "[c]ourts use the 'least sophisticated consumer' standard, an objective test[.]"  *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009).  The question is "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them."  *Grden*, 643 at 172 (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009)).  "This standard ensures 'that the FDCPA protects all consumers, the gullible as well as the shrewd.'"  *Hartman*, 569 F.3d at 612 (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008)).  "Nonetheless, the standard 'also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of

understanding and willingness to read with care.'" *Id.* (quoting *Kistner*, 518 F.3d at 438-39).

LVNV's "dispute" notation on Ms. Mims' credit report is not a demand for payment. It raises a question regarding the balance due, rather than stating that one in fact is owed. Such a notation would not constitute a "strategy to make payment more likely." *Goodson*, 600 F. App'x at 431. In fact, it likely would have the opposite effect. It does not express an attempt to collect a debt, nor does it threaten consequences for the failure to pay. Finally, it was not a direct communication between LVNV and Ms. Mims that might induce her to pay the debt; instead, it was merely an updated remark under the account details of her credit report. For these reasons, the Court finds that the "dispute" notation does not amount to a false statement in connection with the collection of a debt.

To support her position that the notation violated the FDCPA, Ms. Mims cites to *Towles v. Eastern Account System of Connecticut, Inc.*, No. 3:22-cv-204, 2023 WL 172023 (M.D. Ala. Jan. 12, 2023), and *Sanchez v. LVNV Funding, LLC*, No. 1:21-cv-04815, 2023 WL 4401621 (N.D. Ga. May 30, 2022), *adopted in* 2023 WL 7169085 (N.D. Ga. Sept. 26, 2023). However, these out-of-circuit cases are neither binding nor persuasive. They are not persuasive because neither court considered whether the incorrect "dispute" notations on the plaintiff's credit report satisfied the preliminary "in connection with the collection of any debt"

requirement.  In other words, the courts seemed to have assumed that, or glossed over the issue of whether, the notations were made in connection with a debt without considering whether, in fact, their "animating purpose" was "to induce payment by the debtor."[1]  To conclude that a "dispute" notation on a credit line, when the debtor in fact does not dispute the debt, constitutes a communication to induce payment would result in a "bizarre or idiosyncratic interpretation[.]"

Reporting a debt without a "dispute marker," when the debt in fact *is* disputed, violates § 1692e.  *See, e.g., Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 300 (6th Cir. 2008).  As the Seventh Circuit has found, "[f]ailing to inform a credit reporting agency that a debt is disputed negatively impacts the debtor's credit score and constitutes a violation of the FDCPA." *Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303, 1310 (7th Cir. 2025).  "[A] debt marked as disputed negatively impacts a credit score less than a debt that is not marked as disputed." *Id*.  But there is no apparent harm to a debtor when a dispute notation is not removed from an undisputed, or no longer disputed, debt.

---

[1] Alternatively, the courts overlooked this requirement.  Notably, *Towles* was a default judgment decision.  Thus, the court did not have the benefit of a defendant raising challenges to the plaintiff's claim.  The court in *Sanchez* relied on *Towles* when finding a violation.

## V.  Conclusion

For these reasons, the Court finds that Ms. Mims has not established that

LVNV's "dispute notation" was a false or misleading statement made "in

connection with the collection of a debt."  She, therefore, fails to allege a viable

claim under the FDCPA.

Accordingly,

**IT IS ORDERED** that LVNV's motion to dismiss (ECF No. 4) is

**GRANTED**.

Date: March 7, 2025                                    s/LINDA V. PARKER
                                                       UNITED STATES DISTRICT JUDGE